IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-03023-CBS

MONA ELHELBAWY,
    Plaintiff,
v.

ERIC H. HOLDER, JR., Attorney General of the United States, U.S. DOJ, and
PENNY PRITZKER, Secretary, U.S. Department of Commerce,
    Defendants.
_____

ORDER
_____

    This civil action comes before the court on "Plaintiff's Motion for Leave to File Amended Complaint." The court has reviewed the Motion, the pleading, the entire case file, the hearings held on February 13, 2015, February 20, 2015, and March 20, 2015 (*see* Courtroom Minutes/Minute Orders (Docs. # 16, # 18, and # 23)), and the applicable law and is sufficiently advised in the premises.

    Plaintiff filed her original Complaint on November 7, 2014, alleging one claim for violation of the Privacy Act, 5 U.S.C. § 552a. (*See* Doc. # 1). On February 12, 2015 Defendants moved to dismiss the Complaint. Plaintiff filed an amended pleading on March 10, 2015 that was stricken by the court for failure to comply with the Federal Rules of Civil Procedure. (*See* Docs. # 23, # 21). The court explained to Plaintiff that an amended pleading could not be filed without a motion for leave to amend and that the proposed amended pleading did not comply with Fed. R. Civ. P. 8 because it was 150 pages in length and did not provide a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff filed her response to Defendants' Motion to Dismiss on March 24, 2015. (*See* Doc. # 24). Plaintiff filed the

1

instant Motion for Leave to File an Amended Complaint on April 8, 2015.

"A pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. Plaintiffs must "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *2 (D. Colo. June 20, 2008) (internal quotation marks and citation omitted). A complaint "that lacks simplicity, conciseness and clarity but is larded with evidentiary detail . . . fails to perform the essential functions of a complaint." *Id.* (internal quotation marks and citation omitted). A complaint "is not the proper document for the plaintiff to adduce all of the evidence or to argue fully the claims." *Id.* (internal quotation marks and citation omitted). For the purposes of Rule 8, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Ms. ElHelbawy's proposed Amended Complaint does not conform to the pleading requirements of the Federal Rules of Civil Procedure. She alleges one claim for violation of both the Privacy Act and the Americans with Disabilities Act and a second claim for violation of her constitutional right to due process. (*See* Doc. # 30, Doc. # 29 at 4, 84 of 151). The proposed Amended Complaint is 151 pages long and contains 250 numbered paragraphs. (*See* Docs. # 29, # 30). It contains excessive and repetitive factual detail of events, unnecessarily lengthy and detailed quotations from numerous documents, citations to case law,

and argument.  (*See e.g.*, Doc. # 29 at 10-11, 13-14, 17-18, 23-24, 26-28, 33-37, 41-42, 48, 51-55, 77-80, 85-86, 88-95, 101-110, 125-129, 132-134, 140-143, 148, 150-151 of 151).  Ms. ElHelbawy's proposed amended pleading is a rambling narration of almost every decision regarding her employment with which she disagreed.  In Ms. ElHelbawy's attempt to allege so many facts in support of her claims, "the needle in the haystack, if any, might as well not be there."  *Jennings v. Emry*, 910 F.2d 1434, 1441 (7th Cir. 1990) (internal quotation marks and citations omitted).

Ms. ElHelbawy's claims are not complex.  While a pleading may properly contain background information, Ms. ElHelbawy's proposed Amended Complaint "contains far too much superfluous information and thereby muddies the factual bases underlying" her claim or claims for relief.  *Gen. Steel Domestic Sales, LLC*, 2008 WL 2520423, at * 3.  "It [is] not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  Similarly, it is not the defendants' job to hypothesize as to what factual allegations are related to any particular claim for relief.  *See* 5 *Federal Practice and Procedure Civ. 3d* § 1281("[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage").

Ms. ElHelbawy's proposed amended pleading is no different from the previous amended pleading that the court struck.  The court has explained to Ms. ElHelbawy the deficiencies in her previous proposed amended pleading.  (*See* Doc. # 23).  The court also explained to her that even *pro se* parties are not permitted an infinite number of attempts to comply with the rules of the court.  While *pro se* pleadings should be construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers, *Hall v. Bellmon*, 935 F. 2d 1106,

1110 (10th Cir. 1991) (citations omitted), that standard does not override a *pro se* plaintiff's responsibility to provide a simple and concise statement of her claims and the specific conduct that gives rise to each asserted claim. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (pro se litigant required to follow the rules of federal and appellate procedure); *In re "Santa Barbara Like It Is Today" Copyright Infringement Litigation*, 94 F.R.D. 105, 108 (D. Nev. 1982) ("there is a limit to the indulgence of the law and even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the basis for the cause of action") (citation omitted).

The court is compelled to deny Ms. ElHelbawy's motion for leave to amend until she "winnows down" her "extremely prolix" proposed Amended Complaint so that it complies with the Federal Rules. *Gen. Steel Domestic Sales, LLC*, 2008 WL 2520423, at * 3. Should Ms. ElHelbawy decide to pare substantially her amended pleading and resubmit it, her claims must be presented clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr.,* 250 F.2d at 883.

Accordingly, IT IS ORDERED that "Plaintiff's Motion for Leave to File Amended Complaint" (filed on April 8, 2015) (Doc. # 28) is DENIED without prejudice. Any further motion for leave to amend the Complaint must be filed with a copy of the proposed Amended Complaint no later than Friday, May 8, 2015.

DATED at Denver, Colorado, this 21st day of April, 2015.

BY THE COURT:

      s/Craig B. Shaffer
United States Magistrate Judge