IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-03023-CBS

MONA ELHELBAWY,
    Plaintiff,
v.

ERIC H. HOLDER, JR., Attorney General of the United States, U.S. DOJ, and
PENNY PRITZKER, Secretary, U.S. Department of Commerce,
    Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

    This civil action comes before the court on: (1) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and (2) Plaintiff's Motion for Leave to File Amended Complaint. This case was directly assigned to Magistrate Judge Craig B. Shaffer pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges. The court has reviewed the Motions, Ms. ElHelbawy's Response and Exhibits (Docs. # 24 and # 25), Defendants' Reply (Doc. # 27), Defendants' Response to the Motion to Amend (Doc. # 43), the hearings held on February 13, 2015, February 20, 2015, and March 20, 2015 (*See* Courtroom Minutes/Minute Orders (Docs. # 16, # 18, # 23)), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Standard of Review

    Defendants have moved to dismiss the Complaint (Doc. # 1) for failure to state a claim to which relief can be granted pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain enough allegations

1

of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556.

Because Ms. ElHelbawy appears pro se, the court reviews the "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

II.   Background

Ms. ElHelbawy brings one claim in the Complaint, alleging that Defendants violated the Privacy Act by unlawfully disclosing four documents in another federal lawsuit, *ElHelbawy v. Department of Commerce*, Civil Action No. 14-cv-01707-CBS ("*ElHelbawy I*"). She alleges that "Defendants, without Plaintiff's consent or knowledge, publicly filed Exhibits with the United States District Court of Colorado, disclosing Plaintiff's medical records and sensitive medical information

protected under the Privacy Act." (*See* Doc. # 1 at 3 of 9, ¶ 3 (citing *ElHelbawy I*, Doc. # 19-4 at 24-38 of 73 (Exhibit 5), Doc. # 19-5 at 85-90 of 91(Exhibit 10))). She further alleges that "Defendants publicly filed Exhibits with the United States District Court of Colorado, containing knowingly and willfully made false statements" and "misrepresentations" "with regards to Plaintiff's employment" and "filed claims." (*See* Doc. # 1 at 3 of 9, ¶¶ 4-5 (citing *ElHelbawy I,* Doc # 19-4 at 50-73 of 73 (Exhibit 8), Doc # 19-3 at 7-60 of 65 (Exhibit 3))).

Ms. ElHelbawy was employed as an electronics engineer at the Institute for Telecommunication Sciences, National Telecommunications and Information Administration, U.S. Department of Commerce ("DOC") in Boulder, Colorado. In September 2011, she filed an administrative complaint of discrimination. In January 2012, the DOC's Office of Civil Rights accepted fourteen claims for investigation. On November 15, 2012, the agency terminated her employment. In December 2012, Ms. ElHelbawy filed an administrative challenge to her removal. On April 1, 2014, the Department of Commerce ("DOC") Office of Civil Rights issued a decision on her discrimination complaint, finding no violation. (*See* Doc # 19-3 at 7-60 of 65). The April 2014 agency decision is one of the documents that was filed in *ElHelbawy I* that Plaintiff claims violated the Privacy Act. On June 20, 2014, the Merit Systems Protection Board ("MSPB") issued an Initial Decision in her appeal of her removal. *See ElHelbawy v. DOC*, No. DE-0752-13-0130-I-2, 2014 WL 2853621 (M.S.P.B. June 20, 2014). Also in June 2014, Ms. ElHelbawy filed a lawsuit in federal court against the DOC. *See ElHelbawy I*. On July 26, 2014, Ms. ElHelbawy filed a Petition for Review of the April 2014 agency decision. (*See ElHelbawy I,* Doc. # 19-4 at 24-38 of 73 (Exhibit 5)). On August 22, 2014, DOC filed its Response. (*See ElHelbawy I,* Doc. # 19-4 at 50-73 of 73 (Exhibit 8)). Ms. ElHelbawy was permitted to file her Reply out of time on September 18, 2014. (*See ElHelbawy I,* Doc. # 19-5 at 6-91 of 91). The

Petition for Review, the Response, and an exhibit to the Reply are the other three documents that Plaintiff claims were filed in *ElHelbawy I* in violation of the Privacy Act. The four documents at issue here were contained in the records of Ms. ElHelbawy's administrative proceedings before the DOC's Office of Civil Rights and the MSPB. The DOC provided the documents to a Department of Justice attorney who attached them to a motion filed on behalf of the DOC in *ElHelbawy I* to support its argument that the court lacked subject matter jurisdiction because Ms. ElHelbawy had not fully exhausted her administrative remedies for her claims. (See *ElHelbawy I*, Doc. # 19-3 at 6-60 of 65, Doc. # 19-4 at 24-38 of 73, Doc. # 19-4 at 50-72 of 73, Doc. # 19-5 at 85-90 of 91).

III.    Analysis

Ms. ElHelbawy alleges that Defendants violated the Privacy Act, 5 U.S.C. § 552a(b), (c), and (e) by disclosing her "medical records and sensitive medical information," making "false statements . . . with regards to Plaintiff's employment," and making "misrepresentations and false statements with regards to Plaintiff's filed claims." (*See* Doc. # 1 at 3 of 9, ¶¶ 3-5). "The Privacy Act of 1974, codified in part at 5 U.S.C. § 552a, contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies." *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1446 (2012). "The Privacy Act directs agencies to establish safeguards to protect individuals against the disclosure of confidential records which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained." *Id.* at 1450 (citations omitted). "If an agency fails to comply with those requirements in such a way as to have an adverse effect on an individual, the Act authorizes the individual to bring a civil action against the agency." *F.A.A. v. Cooper*, 132 S. Ct. at 1446

(citation omitted).  *See also Williams v. McCausland*, 791 F. Supp. 992, 1000 (S.D.N.Y. 1992) ("The Privacy Act, 5 U.S.C. § 552a, provides that a civil cause of action for damages is available when an agency fails to comply with an individual's request for access to his record or information pertaining to him or fails to maintain accurate records concerning the individual that results in a determination adverse to that individual.") (citing 5 U.S.C. § 552a(g)(1)).

The Privacy Act provides that: "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains."  5 U.S.C. § 552a(g)(1)(D).  "For a plaintiff to succeed on a Privacy Act claim, he must demonstrate the following four elements: (1) the information is a record within a system of records, (2) the agency disclosed the information, (3) the disclosure adversely affected the plaintiff, and (4) the disclosure was willful or intentional."  *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267-68 (10th Cir. 2010) (citation omitted).

"[C]ertain disclosures are authorized and do not give rise to a Privacy Act claim." *Wilkerson*, 606 F.3d at 1267-68 (citation omitted).  The Act enumerates exceptions to the general prohibition on nonconsensual disclosure of protected records.  *See* 5 U.S.C. 552a(b)(1)-(12). The Privacy Act sets forth agency requirements to maintain a "system of records." 5 U.S.C. § 552a(e)(1)–(12).  "Each federal agency is required to publish in the Federal Register a notice regarding the system of records it maintains, along with an explanation regarding the routine uses of such information."  *Brunotte v. Johnson*, 892 F. Supp. 2d 199, 207 (D.D.C. 2012) (citing 5 U.S.C. § 552a(e)(4)(D).  The Act excepts "routine uses, *i.e.* types of disclosures that are published by an agency in the Federal Register and compatible with the purposes for which the information is gathered."  *Marquez v. Johnson*, No. 11-CV-545-WJM-KLM, 2012 WL 6618238, at

*10 (D. Colo. Dec. 19, 2012) (citing 5 U.S.C. § 552a(b)(3) (setting forth routine use exception) and 5 U.S.C. § 552a(a)(7) (defining "routine use")).  "The agency must demonstrate both compatibility and publication in order to invoke the routine use exception."  *Brunotte*, 892 F. Supp. 2d at 207 (citation omitted).

Regarding the Final Agency Decision on Ms. ElHelbawy's EEOC complaint (Doc. # 19-3 at 6-60 of 65 (Exhibit 3)), EEOC/GOVT-1 routine uses include disclosing "information to another federal agency, to a court, or to a party in litigation before a court or in an administrative proceeding being conducted by a federal agency when the government is a party to the judicial or administrative proceeding."  67 FR 49338-01, 49354, 2002 WL 1747822 (July 30, 2002) (EEOC/GOVT-1 routine use "b").  This routine use authorized the DOC to disclose the information both to the Department of Justice ("DOJ"), a "federal agency" representing the DOC in *ElHelbawy I*, and to the court conducting a "judicial proceeding" in which the DOC was a party. The "compatibility" requirement of 5 U.S.C. § 552a(a)(7) is also satisfied.  The Final Agency Decision and the information contained in it were used in *ElHelbawy I* for the same purpose for which it was originally collected: to adjudicate Ms. ElHelbawy's claim that DOC discriminated against her.

As to Ms. ElHelbawy's Petition for Review, the DOC's Response, and her Reply filed before the MSPB (Docs. # 19-4 at 24-38 of 73, # 19-4 at 50-73 of 73, and Doc. # 19-5 at 6-91 of 91 (Exhibits 5, 8, and 10)), MSPB/GOVT-1 routine uses permit disclosure of Appeals and Case Records, which "contain information or documents such as briefs, pleadings, motions, exhibits, hearing transcripts, and MSPB decisions, which comprise the administrative records of appeals and other matters arising under the adjudicatory authority of the Board." 77 FR 65206-01, 65206, 2012 WL 5246733 (Oct. 25, 2012) (MSPB/GOVT-1 routine use "a")).  Disclosure is also

permitted to "the Department of Justice (DOJ) when [t]he United States is a party to litigation or has an interest in such litigation and the use of such records is deemed to be relevant and necessary to the litigation, providing that the disclosure of the records is a use of the information contained in the records that is compatible with the purpose for which the records were collected, . . . ."  77 FR 65206-01, 65206, 2012 WL 5246733 (Oct. 25, 2012) (MSPB/GOVT-1 routine use "g(4)").  Routine use "g(4)" authorized the DOC to disclose the information to the DOJ with the expectation that the DOJ would disclose the records to the court in defending the agency against the claims in *ElHelbawy I*.  The well-pleaded facts show that the MSPB records were in fact "deemed to be relevant and necessary" to the DOC's arguments that Ms. ElHelbawy had not exhausted her administrative remedies before filing the lawsuit.  See *ElHelbawy I*, Doc. # 19.  Plaintiff does not allege that the information was not "deemed to be relevant and necessary to the [*ElHelbawy I*] litigation."  In fact, Plaintiff attached MSPB documents as exhibits to her complaint in *ElHelbawy I*.  (See Exhibit A to Complaint in *ElHelbawy I*, Doc. # 1-1 at 2-16 of 72).  As the documents and the information contained in them were used in *ElHelbawy I* for the purpose of adjudicating Plaintiff's claims, the same purpose for which the information was originally collected by the MSPB, the "compatibility" requirement is satisfied as to the MSPB documents.

As to the filing of all four documents by the DOJ in *ElHelbawy I*, JUSTICE/USA-005 routine uses permit that "[a] record, or facts derived therefrom, may be disseminated in a proceeding before a court or adjudicative body before which the United States Attorney's Office is authorized to appear, when the United Sates, or any agency of subdivision thereof, is a party to litigation or has an interest in litigation and such records are determined by the United States Attorney's Office to be arguable relevant to the litigation."  63 FR 8659-02, at * 8667-68, 1998 WL 66517 (Feb. 20, 2998) (JUSTICE/USA-005 routine use "p").  Once the DOC forwarded the documents to the U.S.

Attorney's Office, the records became part of the DOJ "Civil Case Files (USA-34)" that "are maintained for the purpose of litigating or otherwise resolving civil cases or matters handled by the United States Attorneys or the Executive Office for United States Attorneys." *Id.* at * 8667. The records were disclosed in *ElHelbawy I*, a case in which an agency of the United States is a party in a court in which the United States Attorney's Office is authorized to appear. The United States Attorney's Office determined that the documents were "arguably relevant to the litigation." *See, e.g., Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (examining allegations raised in initial administrative complaint to determine exhaustion of administrative remedies). Where, as here, the documents are relevant to litigation, routine use "p" applies. *See, e.g., Russell v. U.S. General Services Administration*, 935 F. Supp. 1142, 1145-546 (D. Colo. 1996) (disclosures in public pleadings of information regarding investigation of plaintiff found permissible under DOJ's routine use exception providing for disclosure in proceeding before court, where agency is a party and records are determined "to be arguably relevant to the litigation"); *Jackson v. FBI*, No. 02-C-3957, 2007 WL 2492069, *8 (N.D. Ill. August 28, 2007) (finding filing covered by routine use exception where it was "more than just arguably relevant" to the litigation of plaintiff's Title VII claim and dismissing Privacy Act claim on a Rule 12(b)(6) motion); *Mangino v. Dep't of the Army*, No. 94-2067, 1994 WL 477260, *6 (D. Kan. Aug. 24, 1994) (finding DOJ's disclosure of records to the court fell within a routine use exception because the documents "were pertinent to the litigation" and dismissing Privacy Act claim against the DOJ on a Rule 12(b)(6) motion). The filing of the exhibits in *ElHelbawy I* is also compatible with the purposes for which the documents were collected: adjudication of Plaintiff's claims of discrimination, which is the same purpose for which they were utilized in the underlying EEO and MSPB proceedings. Routine use "p" authorized the filing of all four documents by the DOJ in *ElHelbawy I*. [1]

---

[1] The filing of the Final Agency Decision (*ElHelbawy I,* Doc. # 19-3 at 7-60 of 65 (Exhibit 3)) with the

Ms. ElHelbawy does not adequately address Defendants' arguments in her Response to the Motion to Dismiss. Other than conclusorily arguing that the challenged disclosures were not permitted by routine uses, she does not address the routine uses or the caselaw applying them. (*See* Doc. # 24 at 7 of 11). She does not contest the compatibility of the routine uses with the purposes for which the information is gathered. She argues a violation based on the ALJ's Initial Decision that is not pled in the Complaint. (*See id.* Doc. # 24 at 9 of 11). She makes arguments based on the Freedom of Information Act ("FOIA"), voluntariness, and a "fax transmittal sheet" from National Jewish Hospital, and exhibits (Docs. ## 25 – 25-6), none of which are relevant to her claims. In sum, routine use exceptions permitted disclosure of all of the documents addressed by Ms. ElHelbawy's Complaint. Her claims for violation of the Privacy Act based on the disclosure of four documents are properly dismissed for failure to state a claim to which relief can be granted.

Ms. ElHelbawy also makes two references in the Complaint to § 552a(e)(6) of the Privacy Act. (*See* Doc. # 1 at 7 of 9, ¶¶ 13-14). Under § 552a(6), an agency shall "prior to disseminating any record about an individual to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section, make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes." 5 U.S.C. § 552a(e)(6). Ms. ElHelbawy fails to state a plausible claim under subsection (e)(6) for several reasons. First, to the extent she alleges a violation based on the dissemination of the information from the DOC to the DOJ, subsection (e)(6) does not apply. The alleged dissemination to the DOJ, which is another "agency" under the Privacy Act, does not state a claim under subsection

---

court by the Department of Justice is also permitted by EEOC/GOVT-1 routine use "b." The filing of Ms. ElHelbawy's Petition for Review, the DOC's response, and her reply filed before the MSPB (*ElHelbawy I,* Docs. # 19-4 at 24-38 of 73, # 19-4 at 50-73 of 73, # 19-5 at 85-90 of 91 (Exhibits 5, 8, and 10)) with the court by the Department of Justice is also permitted by MSPB/GOVT-1 routine use "g(4)."

(e)(6). *See Thompson v. Dep't of State*, 400 F. Supp. 2d 1, 22 (D.D.C. 2005) ("The statutory language [of subsection (e)(6)] makes clear that this provision does not apply when information is disclosed within the agency or to another agency."). Even if subsection (e)(6) applied, Ms. ElHelbawy has alleged no facts to support her mere conclusory allegation. She alleges no facts that support the existence of any inaccurate information in any record. She has not identified what "false statements" were made about her, or explained how any statements were false. Nor are the bare conclusory allegations in the Complaint sufficient to show a causal connection between the disclosure of records and any "adverse effect" or an "intentional or willful" violation of the Act, as required by the third and fourth elements of a Privacy Act claim. *See* 5 U.S.C. §§ 552a(g)(1)(D) & (g)(4); *Wilkerson v. Shinseki*, 606 F.3d at 1267-68 (citation omitted). Any claim based on subsection (e)(6) is properly dismissed for failure to state a claim to which relief can be granted.[2]

IV.     Motion for Leave to File Third Amended Complaint

Ms. ElHelbawy once again moves to file an amended pleading. "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (internal quotation marks and citation omitted). Because futility is based on whether a claim could survive a motion to dismiss, the standard for resolving a motion to dismiss is applicable here. *Dean v. Marker Volkl USA, Inc.*, No. 15-CV-00190-RM-MEH, 2015 WL 3534163, at *2 (D. Colo. June 3, 2015).

---

[2]     Based on the routine use exceptions and the failure to state a claim under § 552a(e)(6), the court does not reach at this time the Defendants' additional arguments for dismissal of the Complaint.

Ms. ElHelbawy seeks to file a fourth version of her pleading. (See Docs. # 1, # 21, # 28, # 29 at 4-151 of 151). She filed her original Complaint on November 7, 2014, alleging one claim for violation of the Privacy Act, 5 U.S.C. § 552a. (*See* Doc. # 1). On February 12, 2015, Defendants moved to dismiss the Complaint. Plaintiff filed an amended pleading on March 10, 2015 that was stricken by the court for failure to comply with the Federal Rules of Civil Procedure. (*See* Doc. # 21; Courtroom Minutes/Minute Order (Doc. # 23)). The court explained to Plaintiff that an amended pleading could not be filed without a motion for leave to amend and that the proposed amended pleading did not comply with Fed. R. Civ. P. 8 because it was 150 pages in length and did not provide a short and plain statement of the claim showing that she is entitled to relief. (*See* Doc. # 23). Plaintiff filed her response to Defendants' Motion to Dismiss on March 24, 2015. (*See* Doc. # 24). On April 8, 2015, Plaintiff filed a Motion for Leave to File an Amended Complaint, which was again denied without prejudice for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure. (*See* Docs. # 28, # 33). On May 8, 2015, Plaintiff filed the instant Motion for Leave to File Amended Complaint (Doc. # 34).

Ms. ElHelbawy "seeks to add the U.S. Merit Systems Protection Board as a defendant and seeks to add more specificity to her allegations in a situation where all defendants were from the outset made fully aware of the events and circumstances giving rise to the action." (*See id.* at 5 of 7). She sets forth six claims in the Amended Complaint that allege violations of the Privacy Act and Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117. (*See* Doc. # 35). She includes her claims from the Complaint for violation of the Privacy Act regarding the Final Agency Decision, her Petition for Review, the agency's Response, and her Reply. (*See* Doc. # 35 at 4-5 of 5, Doc. # 39 at 1-3 of 3, Doc. # 40 at 1-4 of 4, She seeks to add claims for violation of the Privacy Act regarding her EEO complaint (Doc. # 19-1 in *ElHelbawy I* at 5-7 of 44),

11

her appeal to the MSPB (Doc. # 19-1 in *ElHelbawy I* at 8-44 of 44, Doc. # 19-2 in *ElHelbawy I* at 1-56 of 56, Doc. # 19-3 in *ElHelbawy I* at 1-5 of 65), the ALJ's Initial Decision (Doc. # 19-4 in *ElHelbawy I* at 1-23 of 73), a letter from the Office of the Clerk of the MSPB (Doc. # 19-4 in *ElHelbawy I* at 39-47 of 73), her motion to waive deadline for filing her Petition for Review (Doc. # 19-4 in *ElHelbawy I* at 48-49 of 73), and an order from the Office of the Clerk of the MSPB (Doc. # 19-5 in *ElHelbawy I* at 1-5 of 91).   (*See* Doc. # 35 at 4-5 of 5, Doc. # 36 at 1-3 of 3, Doc. # 37 at 1-3 of 3, Doc. # 38 at 1-4 of 4, Doc. # 41 at 1-4 of 4).

The court concludes that the filing of the proposed Amended Complaint is futile.   The court has explained to Ms. ElHelbawy that even *pro se* parties are not permitted an infinite number of attempts to comply with the rules of the court.   She fails to explain how the defects in the Complaint would be cured by her proposed amendment.   *See Reinhardt v. Oklahoma ex rel. Dist. Attorneys Council*, No. 15-7008, 2015 WL 4880468, at *1 (10th Cir. Aug. 17, 2015) ("district court did not abuse its discretion in denying Plaintiff an opportunity to file yet another amended complaint when the motion seeking permission to do so failed to explain how the defects in the second amended complaint would be cured").   The disclosures she alleges did not violate the Privacy Act.   Each of the disclosures occurred in the context of her administrative or legal claims against a federal agency.   Such disclosures fall squarely within routine-use exceptions provided in the Privacy Act.   *See* 5 U.S.C. § 552a(b)(3), part III of this Memorandum Opinion and Order, *supra*.   Disclosures by the DOJ and DOC to the court in *ElHelbawy I* [Fourth, Fifth, and Sixth Claims for Relief] were permitted by routine uses defined in MSPB/GOVT-1, 77 Fed. Reg. 65206-01 at *65206-07, 2012 WL 5246733 (routine use "g(4)") and JUSTICE/USA-005, 63 Fed. Reg. 8659-02, *8667-68, 1998 WL 66517 (routine use "p").   Disclosures by the DOC to the MSPB [Fourth, Fifth, and Sixth Claims for Relief] were permitted by a routine use defined in

OPM/GOVT-3, Records of Adverse Actions, Performance Based Reduction in Grade and Removal Actions, and Termination of Probationers, 61 FR 36919-01, *36927-28, 1996 WL 390208 (July 15, 1996) (routine use "k").   Disclosures by the MSPB [First, Second, and Third Claims for Relief] were permitted by routine use "o", MSPB/GOVT-1, 77 FR 65206-01, at *65206-07, 2012 WL 5246733, which allows for disclosure by the MSPB "[t]o the public, including to the agency's Web site following issuance of a decision."   The disclosures were also "compatible with" the purposes for which the documents were collected in the first place: Plaintiff's administrative and legal proceedings against the DOC.   See 5 U.S.C. § 552a(a)(7).

In the Third Claim for Relief in the proposed Amended Complaint, Ms. ElHelbawy alleges that the ALJ's Initial Decision contains "misrepresentations by omission concealment and … carefully and selectively picked sections extracted from Plaintiff's medical records [sic]. . . ."   (See Doc. # 38 at 4 of 4, ¶¶ 13-14).   However, she has alleged no facts that support the existence of any false information in the Initial Decision.   Her allegations of "misrepresentation by omission concealment [sic]" are purely conclusory.   The single "specific example" of the alleged "misrepresentation by omission concealment [sic]" does not plausibly indicate that the Initial Decision contained any inaccurate information.   (See Doc. # 38 at ¶ 12).   Plaintiff's proposed Amended Complaint states no plausible claim to which relief can be granted for violation of the Privacy Act.

In her First, Second, Fourth, Fifth, and Sixth Claims for Relief in the proposed Amended Compliant, Plaintiff alleges violation of the ADA.   (See Docs. # 36, # 37, # 39, # 40, and # 41). First, the court lacks subject matter jurisdiction over the ADA claims.   Absent an explicit waiver of sovereign immunity, the United States is generally immune from suit.   United States v. Mitchell, 445 U.S. 535, 538 (1980).   This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S.

471, 475 (1994), and extends to government agencies and employees. *Kyler v. Everson*, 442 F.3d 1251, 1252–53 (10th Cir. 2006). Federal agencies are not subject to suit under Title I of the ADA, which proscribes discrimination against employees because of their disabilities. *See* 42 U.S.C. §§ 12111–12112. Title I specifically exempts the United States and its agencies from suit under the ADA. *See* 42 U.S.C. § 12111(5)(b)(i) ("The term 'employer' does not include the United States . . .").[3] *See also, e.g., Massari v. Potter*, No. 04-cv-02306, 2006 WL 318658, *12 (D. Colo. Feb. 9, 2006) ("Plaintiff has no remedy for employment discrimination under the ADA, because he was an employee of the [United States Postal Service], which is not an 'employer' under the express terms of the ADA.").

Further, Plaintiff can state no claim under Title I of the ADA against the DOJ or the MSBP because she was not employed by either of those entities. Nor has she pled any facts to support her conclusory assertion that "she is an individual with a disability" under the ADA. (*See* Doc. # 38 at ¶ 10). There are no facts alleged in the proposed Amended Complaint that could establish that Plaintiff has "a physical or mental impairment that substantially limits one or more major life activities," or that she was "regarded as" having such an impairment by her former employer, the DOC. *See* 42 U.S.C. § 12102(1).

"Undue" delay is also grounds for denying a motion to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). *See also Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (affirming denial of motion to amend filed eight months after original complaint). Whether a delay is "undue" depends "primarily on the reason for the delay." *Minter*, 451 F.3d at 1206. "[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* (internal quotation marks omitted). The Complaint

---

[3]   "The MSPB is a federal agency. . . ." *Johnson-Barber v. Runyon*, No. 96-4214-SAC, 2000 WL 1863483, at *3 (D. Kan. Oct. 12, 2000).

had been pending for four months and Defendants' Motion to Dismiss had been pending for one month before Ms. ElHelbawy sought for the first time to amend.   After the court denied without prejudice her third attempt to amend, another month passed before she filed the instant motion to amend.

In conclusion, the Motion for Leave to File Amended Complaint may properly be denied as futile for failure to specify how the deficiencies will be corrected, for failure to state a claim to which relief can be granted, and for undue delay.

Accordingly, IT IS ORDERED that:

1.   Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (filed on February 12, 2015) (Doc. # 14) is GRANTED and this civil action is dismissed for failure to state a claim to which relief can be granted.

2.   Plaintiff's Motion for Leave to File Amended Complaint (filed on May 8, 2015) (Doc. # 34) is DENIED.

3.   Ms. ElHelbawy asks the court to restrict the tendered Amended Complaint (Doc. # 29 at 4-151 of 151).   Defendants have filed no response to her Motion.   Because the court is able to restrict only documents, not individual pages of documents, and because the referenced documents may be available in some other public forum, in an abundance of caution the court orders that Plaintiff's Motion to Restrict Access to Amended Complaint (filed on April 8, 2015) Doc. # 29) (erroneously filed as "Appendix re: First Motion to Amend/Correct/Modify") is GRANTED and Doc. # 29 shall be restricted at Level 1.

DATED at Denver, Colorado, this 28th day of September, 2015.

BY THE COURT:

　　　s/Craig B. Shaffer　　　
United States Magistrate Judge